UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TESSY GEORGE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:05-cv-25(JCH) |
| JOHN POTTER, | : | |
| Postmaster General, | : | |
| United States Postal Service, | : | |
|     Defendant. | : | May 17, 2007 |

**RULING RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOC. NO. 35]**

Plaintiff Tessy George brings this action against Defendant John Potter, the Postmaster General for the United States Postal Service (the "Postal Service"), alleging national origin discrimination, retaliation, and a hostile work environment under Title VII of the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. §2000e, et seq. The jurisdiction of this court is invoked under Title VII and sections 1331 and 1343 of Title 28 of the United States Code.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Potter has moved for summary judgment. For the reasons that follow, Potter's Motion for Summary Judgment (Doc. No. 35) is GRANTED.

**I.  STANDARD OF REVIEW**

In a motion for summary judgement, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgement as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). Once the moving party has met its burden, the nonmoving party must "set forth specific facts

showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor in order to defeat the motion. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgement is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton, 202 F.3d at 134. "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

## II. FACTS[1]

At all times relevant to this action, the Postal Service employed George as a part-time flexible mailhandler at the Hartford Process and Distribution Center in Hartford, Connecticut. George's country of national origin is India, and her ethnicity is Asian.

On October 11, 2003, Joan Spencer, a supervisor responsible for time and attendance, cited George as "Absent Without Leave" ("AWOL") for reporting one and a half hours late for work. Spencer again cited George as AWOL for the period between November 23, 2003 and December 5, 2003. Prior to George's latter AWOL citation,

---

[1]For the purposes of the instant motion, the court accepts facts undisputed by the parties as true and resolves disputed facts in favor of George where she provides evidence to support her allegations.

2

she had requested three weeks of annual leave for November 8, 2003 through November 29, 2003. George's office approved the first two weeks of George's requested vacation from November 8, 2003 until November 22, 2003. However, the office denied the remaining week of November 22, 2003 through November 29, 2003. Spencer was aware that George had sought and been denied a longer period of annual leave than what she ultimately received. Spencer was also aware that George's husband, George Joseph, was employed at the Hartford Postal plant as well, and that Joseph had pre-approved annual leave from November 15, 2003 through December 5, 2003.

George did not return to work when her approved leave period ended on November 23, 2003. Instead, Spencer reported to work on December 6, 2003. Upon her return, George presented a note to Spencer from a doctor at the Divine Clinic & Nursing Home of Kottayam, Kerala in India. The doctor's note stated that illness prevented George from traveling back to the United States. Based on this note, George hoped to receive sick leave for her extended absence.

Purportedly concerned that George was requesting sick leave to substitute for her denied annual leave, Spencer asked George to produce a ticket or itinerary demonstrating that George originally intended to return to the United States in sufficient time resume her work within her approved leave period. George never produced any such record. Based on George's failure to produce the requested documentation, Spencer marked George AWOL, as indicated above. See Def. Local Rule 56(a)(1)

3

Stat. at 16 (admitted by George).[2]

III. DISCUSSION

Potter argues that this court should grant summary judgment because George: 1) failed to exhaust her administrative remedies, 2) has not made a prima facie showing that she suffered an adverse employment action, and 3) cannot demonstrate that the Post Office's explanations for designating George as AWOL were pretext for an impermissible motive. The court only addresses the argument that George has no evidence of pretext, as this issue is dispositive of the motion.

### A. The *McDonnell Douglas* Standard

Analyzing whether Post Office employees discriminated or retaliated against George must be done under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Fitzgerald v. Henderson, 251 F.3d 345, 356 (2d Cir. 2001). The plaintiff is first required to establish a prima facie case. See Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). A prima facie case for disparate treatment is established by showing that: 1) the plaintiff is a member of a protected class; 2) the plaintiff was qualified for his job; 3) the plaintiff suffered an adverse employment action; and 4) that the adverse employment action occurred under conditions giving rise to an inference of discrimination. McDonnell Douglas, 411 U.S. at 802; see also Burdine, 450 U.S. at 254. A plaintiff makes a prima facie showing of retaliation by establishing "participation in a protected activity known to the defendant;

---

[2]Hereinafter cited as Def. or Pl. L.R. 56(a)(_) Stat. at _.

an employment action disadvantaging the plaintiff; and a causal connection between the protected activity and the adverse employment action." Quinn v. Green Tree Credit Corp., 159 F.3d 759, 769 (2d Cir.1998) (quoting Tomka v. Seiler Corp., 66 F.3d 1295, 1308 (2d Cir.1995)).[3]

Once a plaintiff has established a prima facie case, a rebuttable presumption of discrimination arises, and the burden shifts to the defendant to offer a legitimate, non-discriminatory reason for its actions. See id. Upon the employer's articulation of legitimate reason for the employment action, the presumption of discrimination drops out. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510-11 (1993). The burden then shifts back to the plaintiff to fulfill his ultimate burden of proving that the defendant acted in a discriminatory manner in the employment action. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143, (2000). In order to satisfy this burden, the plaintiff may attempt to prove that the legitimate, non-discriminatory reason offered by the defendant was not the employer's true reason, but was a pretext for discrimination. Id.

A prima facie case combined with a showing that an employer's asserted justification is false is sometimes, but not always, sufficient to permit a discrimination claim to survive summary judgment. Schnabel v. Abramson, 232 F.3d 83, 89-91 (2d Cir. 200) (citing Reeves, 530 U.S. at 142). The court must "examin[e] the entire record to determine whether the plaintiff could satisfy her 'ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff.' " Schnabel,

---

[3]In outlining the remainder of the burden shifting analysis, the court will refer to "discrimination" and "retaliation" collectively as "discrimination."

5

232 F.3d at 90 (quoting Reeves, 530 U.S. at 143, 120 S.Ct. 2097).  The plaintiff need not show that national origin was the only factor motivating any adverse employment actions she suffered in order to make a showing of employment discrimination. See 42 U.S.C. § 2000e-2(m); Desert Palace, Inc. v. Costa, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003).  "The 'ultimate issue' in an employment discrimination case is whether the plaintiff has met her burden of proving that the adverse employment decision was motivated at least in part by an 'impermissible reason,' i.e., a discriminatory reason," regardless of whether the case is presented as one of single or dual motive.  Stratton v. Dep't for the Aging for New York, 132 F.3d 869, 878 (2d Cir.1997).

    **B.**    **Application**

For the sake of arguing that George cannot demonstrate pretext, Potter concedes that George has made out her prima facie burden of discrimination.  Potter then asserts that the true reason Spencer cited George as AWOL upon George's return from India was because George did not provide additional documentation establishing that she intended to return to work after her approved annual leave period.  Potter contends that the request for such documentation was reasonable given that the circumstances surrounding George' return strongly suggested that George was attempting to abuse her sick leave.  To challenge Spencer's proffered explanation, George essentially argues that she should not have been required to submit anything beyond her doctor's note to justify her absence.  According to George, she had never abused her sick leave, and there was no evidence that sick leave abuse was a general problem at the Hartford facility.  Pl. Opp. at 12.

Looking to the record as a whole, though George takes issue with the logic of Spencer's decision, there is absolutely no evidence that Spencer's decision to cite her as AWOL upon her return from India was discriminatory.[4] Indeed, there is nothing to show that the actions of any Post Office employee -- including Spencer's October 11, 2003 citation of George as AWOL and the Hartford office's denial of George's annual leave request -- were motivated by discrimination. George has not come forward with any statements by Post Office employees demonstrating bias. There is also no evidence that other "similarly situated" Post Office employees in the Hartford office were treated more favorably than George. See generally Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir.2000) (discussing the "similarly situated" test for discrimination claims). Indeed, the only support George marshals are her own conclusory allegations of discrimination. See, e.g., Compl. ¶ 9 ("If it were not for her race and ethnicity this unfair treatment would not have occurred.") Thus, George cannot satisfy her ultimate burden of demonstrating that she suffered an adverse employment action based on an impermissible motive.[5] Potter's Motion for Summary Judgment (Doc. No. 35) is

---

[4] With respect to George's retaliation claim, the court would also grant summary judgment on a separate ground. While George claims that the defendants retaliated against her for filing a complaint with the Equal Employment Opportunities Commission ("EEOC") on April 15, 2004, Compl. ¶ 15, this complaint came after Spencer cited George as AWOL on December 6, 2003. Further, George does not provide any evidence of any retaliatory acts by the defendants after George's EEOC Complaint. George also does not provide any evidence that she made complaints about the defendants' treatment of her other than the EEOC complaint.

[5] As the court finds that there is no evidence suggesting that Post Office employees acted with impermissible animus towards George, summary judgment is also granted on any claim that George suffered a hostile work environment. See generally Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993) (holding that to prevail on a hostile work environment claim under Title VII, a plaintiff must establish that her workplace was "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the

therefore granted.

## IV. CONCLUSION

For the foregoing reasons, Potter's Motion for Summary Judgement (Doc. No. 35) is GRANTED. The clerk is hereby directed to close the case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 17th day of May, 2007.

                                                    /s/ Janet C. Hall
                                                  Janet C. Hall
                                                  United States District Judge

---

conditions of the victim's employment and create an abusive working environment.")